**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JOHN J. RADICH, III, | : | |
| | : | Civil Action No. 08-4873 (WJM) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BERNARD GOODWIN, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
John J. Radich, III
Adult Diagnostic & Treatment Center
P.O. Box 190
8 Production Way
Avenel, NJ 07001

**MARTINI**, District Judge

Petitioner John J. Radich, III, a prisoner currently confined at the Adult Diagnostic and Treatment Center at Avenel, New Jersey, has submitted an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Bernard Goodwin, the Attorney General of New Jersey, and Middlesex County Prosecutor Simon L. Rosenbach.

For the reasons stated herein, the Amended Petition must be dismissed or, in the alternative, denied.

I.  BACKGROUND

On December 4, 1992, a Middlesex County Grand Jury indicted Petitioner on twelve counts, including: aggravated assault, contrary to N.J.S.A. 2C:14-2a (counts one and two); sexual assault, contrary to N.J.S.A. 2C:14-2b (counts three and four); endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4a (counts five through eight); lewdness, contrary to N.J.S.A. 2C:14-4a (counts nine and ten); and terroristic threats, contrary to N.J.S.A. 2C:12-3a (counts eleven and twelve).  Counts six and eight were dismissed during trial.  A jury found Petitioner guilty on all remaining counts of the indictment.  On June 10, 1996, Petitioner was sentenced to forty-two years imprisonment, pursuant to an extended term.  See Amended Petition; Radich v. Attorney General of the State of New Jersey, 2005 WL 2129309, Civil Action No. 03-4615 (WHW) (D.N.J. Aug. 31, 2005).

Following various post-conviction proceedings, On December 21, 2006, Petitioner was re-sentenced to an extended term of 30 years imprisonment.  The Superior Court of New Jersey, Appellate Division, affirmed the sentence on April 1, 2008.  See Amended Petition, ¶ 10(a).  On July 3, 2008, the Supreme Court of New Jersey denied certification.  See Amended Petition, ¶ 10(b).

Petitioner then filed in this Court a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This Court notified Petitioner, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir.

2000), of the consequences of filing such a petition. Thereafter, Petitioner withdrew the original Petition and filed an Amended Petition asserting four grounds for relief.

Because Petitioner has failed to assert that he is confined in violation of federal law, the Amended Petition will be dismissed.

## II. ANALYSIS

In the Amended Petition, Petitioner asserts the following grounds for relief:[1]

    a.    GROUND ONE: IT WAS EXCESSIVELY INAPPROPRIATE FOR THE JUDGE TO IMPOSE AN EXTENDED PRISON TERM OF 30 YEARS TO BE SERVED AT THE A.D.T.C. QUALIFYING THE PETITIONER TO BE REPETITIVE & COMPULSIVE AND A PERSISTENT OFFENDER.

        ...

        THE JUDGE FINDS THAT AN EXTENDED TERM OF IMPRISONMENT IS WARRANTED AND NECESSARY FOR THE PROTECTION OF THE PUBLIC IN THIS CASE, THEREFORE, ON COUNT 1. OF THE INDICTMENT OF THE FIRST DEGREE, THE PETITIONER IS COMMITTED TO THE CUSTODY OF THE DEPARTMENT OF CORRECTION TO SERVE AN EXTENDED TERM OF IMPRISONMENT AT THE ADULT DIAGNOSTIC & TREATMENT CENTER FOR A PERIOD OF 30 YEARS, (THE REMAINING COUNTS ORDINARY TERMS WERE IMPOSED AND SENTENCES WERE RUN CONCURRENTLY) THE MAIN REASON THE JUDGE IMPOSED THE LONGER SENTENCE THAT HE COULD WAS THAT HE FOUND THE PETITIONER TO BE "REPETITIVE & COMPULSIVE" AND A "PERSISTENT OFFENDER". THE SENTENCE SHOULD BE CONSISTENT WITH THE REQUIRED STATUTE OF DEGREE, AMENDING THE 30 YEAR PRISON TERM TO THE NORM REQUIRED OF BASIC

---

[1] Because Petitioner is challenging a different sentence than that challenged in the previous habeas action, Civil Action No. 03-4615 (WHW), this Amended Petition is not barred as a "second or successive" petition.

       TERMS, WITHIN THE STATUTORY RANGE, WITHIN THE SCOPE OF THE DEGREE CHARGED AND THE "REPETITIVE & COMPULSIVE" ASPECT OF THE SENTENCE BE VACATED.

b. GROUND TWO; IT WAS EXCESSIVELY INAPPROPRIATE FOR THE JUDGE TO QUALIFY THE PETITIONER AS A PERSISTENT OFFENDER BASED ON A 1989 THEFT AND A 1988 DRUG POSSESSION OF PROBATIONARY SENTENCES TO IMPOSE AN EXTENDED 30 YEAR PRISON TERM AT A.D.T.C.

    THE JUDGE USED A THIRD DEGREE PROBATIONARY 1989 THEFT CHARGE AND A 1988 DRUG POSSESSION, NON VIOLENCE CRIME, QUALIFYING THE PETITIONER AS A PERSISTENT OFFENDER, IMPOSING AN EXTENDED TERM OF 30 YEARS FOR A FIRST DEGREE, TO BE SERVED AT THE A.D.T.C. WHERE YOU SERVE THE ENTIRE SENTENCE BEFORE BEING MEDICALLY DISCHARGED, THE PRIOR PROBATIONARY THIRD DEGREE CHARGES DO NOT CONSIST OF VIOLENCE, OR AS A PERSISTENT OFFENDER TO IMPOSE AN EXTENDED PRISON TERM SENTENCE OF 30 YEARS TO B E SERVED AT THE A.D.T.C. WHERE YOU MAX OUT SERVING THE ENTIRE SENTENCE, THE PRIOR PROBATIONARY TERMS ARE NOT THE SAME IN NATURE OR OF A FIRST DEGREE TO QUALIFY AN EXTENDED PRISON TERM OF 30 YEARS TO BE SERVED AT THE A.D.T.C., A FIRST DEGREE CARRIES 10, 15, TO 20 YEARS AND THE SENTENCE SHOULD BE CONSISTENT WITH THE REQUIRED STATUTE OF DEGREE, AMENDING THE 30 YEAR PRISON TERM TO THE NORM REQUIRED OF THE BASIC TERMS, WITHIN THE STATUTORY RANGE, WITHIN THE SCOPE OF THE DEGREE CHARGED, ORDINARY TERMS FOR AGGRAVATING AND MITIGATING FACTORS, AND THE "REPETITIVE & COMPULSIVE" ASPECT OF THE SENTENCE BE VACATED.

c. GROUND THREE: IT WAS EXCESSIVELY INAPPROPRIATE FOR THE JUDGE TO PLACE TOO MUCH WEIGHT ON THE PETITIONER FINDING THE 1996 A.D.T.C. EVALUATION "REPETITIVE & COMPULSIVE" ASSESSING THE RISK HE WOULD COMMIT ANOTHER OFFENSE, AND THE DANGER HE PRESENTS TO SOCIETY TO IMPOSE THE LONGER SENTENCE POSSIBLE.

    THE JUDGE USED THE 1996 A.D.T.C. EVALUATION REPORT ASSESSING THAT THE PETITIONER WAS FOUND TO BE "REPETITIVE & COMPULSIVE" AND ASSESSING THE RISK THAT THE PETITIONER WOULD COMMIT ANOTHER OFFENSE AND THE DANGER THE PETITIONER WOULD PRESENT TO SOCIETY, IT IS NOT WITHIN THE SENTENCE DISCRETION

        TO SENTENCE THE PETITIONER TO AN EXTENDED PRISON TERM 30 YEARS TO BE SERVED AT THE A.D.T.C. BASED ON THE JUDGE FINDING THE PETITIONER TO BE "REPETITIVE & COMPULSIVE" ASSESSING THAT THE PETITIONER WAS A RISK TO COMMIT ANOTHER OFFENSE AND THE DANGER HE WOULD PRESENT TO SOCIETY, THE EVALUATION REPORT HAD NO FINDING OF "REPETITIVE & COMPULSIVE" OTHER THAN IN THE CONCLUSION THAT STATES: "BECAUSE THE CONVICTION STANDS WE FIND THE DEFENDANT REPETITIVE AND COMPULSIVE", AND THE FIRST DEGREE STATUTORY AGGRAVATING AND MITIGATING FACTS SHOULD BE A SENTENCE WITHIN THE REQUIRED STATUTE OF DEGREE, AMENDING THE 30 YEAR PRISON TERM TO THE NORM REQUIRED OF BASIC TERMS, WITHIN THE STATUTORY RANGE, WITHIN THE SCOPE OF THE DEGREE CHARGED, AND THE "REPETITIVE & COMPULSIVE" ASPECT OF THE SENTENCE BE VACATED.

d.    GROUND FOUR: THE PETITIONER MAINTAINS THAT IT WAS EXCESSIVELY INAPPROPRIATE FOR THE JUDGE TO RELY SO HEAVILY ON THE 1996 DESIGNATION AS "REPETITIVE & COMPULSIVE" TO IMPOSE THE LONGER SENTENCE POSSIBLE.

        THE JUDGE RELIED ON THE 1996 DESIGNATION AS "REPETITIVE & COMPULSIVE" TO IMPOSE THE LONGER SENTENCE POSSIBLE MAKING THE MAXIMUM TERM NECESSARY FOR THE PROTECTION OF THE PUBLIC, THE RISK THE PETITIONER WOULD COMMIT ANOTHER OFFENSE, THE NATURE OF THE OFFENSE IN THIS CASE IS THAT THE AGGRAVATING FACTOR IS PRESENT, AND IS NEEDED TO DETER THE PETITIONER AND OTHERS FROM VIOLATING THE LAW, AND BASED UPON THE 1996 A.D.T.C. EVALUATION REPORT, THE PETITIONER WAS FOUND TO BE "REPETITIVE & COMPULSIVE" ASSESSING THAT BASED ON THE CONVICTION ITSELF AND THAT THE STATUTORY AGGRAVATING FACTORS OUTWEIGH THE MITIGATING FACTOR, AND BECAUSE THE JUDGE DOES NOT FIND THE LEVEL OF COMPLETED EDUCATION OR COUNSELING AND PARTICIPATION PROGRAMS RISE LEVEL OF ANY STATUTORY MITIGATING FACTS, THE 30 YEAR PRISON TERM SHOULD BE AMENDED TO THE NORM REQUIRED OF THE BASIC TERMS, WITHIN THE STATUTORY RANGE, WITHIN THE SCOPE OF THE DEGREE CHARGED, AND THE "REPETITIVE & COMPULSIVE" ASPECT OF THE SENTENCE BE VACATED.

(Amended Petition, ¶ 11.)  The Amended Petition also contains a "Draft of History and Present" consisting of several paragraphs detailing the state-court procedural history, including Petitioner's sentencing history, and restating the claims asserted above.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>.

(emphasis added.)

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

Nevertheless, even liberally construed, the Amended Petition fails to assert that Petitioner is confined in violation of

federal law.  To the contrary, Petitioner alleges solely violations of state sentencing law, that there was insufficient evidence to support a finding that Petitioner was a "repetitive and compulsive" offender or was otherwise subject to an extended term, and that the sentencing judge abused his discretion in sentencing Petitioner to an extended term.

"[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of a constitutional dimension."  Smith v. Phillips, 455 U.S. 209, 221 (1982) (citations omitted).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

More specifically, a federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual,[2] racially or ethnically

---

[2] "The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (citations omitted).

7

motivated, or enhanced by indigencies." See Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987) (citations omitted). Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. See Pringle v. Court of Common Pleas, 744 F.2d 197, 300 (3d Cir. 1984).

Here, however, Petitioner does not allege any federal law violation in connection with his sentencing. To the extent the Amended Petition could be construed as asserting a claim that the extended term sentence is cruel and unusual, this Court has previously held, with respect to Petitioner's original forty-two year sentence, that "[a]ny sentencing error that may have occurred is a matter of state law and does not rise to a level of disproportionality that violates the Eighth Amendment." See Radich v. Attorney General, 2005 WL 2129309, *4. This Court agrees, to the extent the Amended Petition could be construed to assert an Eighth Amendment claim, that Petitioner's 30-year sentence does not rise to a level of disproportionality that violates the Eighth Amendment.

Accordingly, the Amended Petition must be dismissed or, in the alternative, denied.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Amended Petition must be dismissed or, in the alternative, denied.  An appropriate order follows.

                                          s/William J. Martini

                                          _____
                                          William J. Martini
                                          United States District Judge

Dated: 12/23/08